**STATE of Minnesota, Respondent,**

v.

**Brian Luke BROULIK, petitioner, Appellant,**

**No. C6–98–989.**

Supreme Court of Minnesota.

Feb. 24, 2000.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Mike Hatch, Minn. Atty. Gen., John B. Galus, Asst. Atty. Gen., St. Paul, G. Paul Beaumaster, Rice County Atty., Faribault, for respondent.

## OPINION

LANCASTER, Justice.

A Rice County jury found appellant, Brian Luke Broulik, guilty of criminal sexual conduct in the second degree in violation of Minn.Stat. § 609.343, subd. 1(a) (1998).[1] Appellant argues that the trial court erred by refusing to give a modified version of the cautionary jury instructions on the admission of evidence of a prior bad act. We affirm.

At approximately 4 p.m. on Sunday, May 4, 1997, a man approached eight-year-old M.M. in Northfield, Minnesota, and asked M.M. if he would like to see the snake the man had found. The man led M.M. into a nearby apartment building's laundry room and once there touched M.M.'s penis. The man asked M.M. to reciprocate, but when M.M. refused, the man let him leave. M.M. immediately told his sister of the assault and the children observed the man leave the area in a small black car. The children then told their mother what oc-

curred, and she called the police at approximately 4:30 p.m.

The police arrived and M.M. gave a description of the man and his car. M.M. then went to the police station and gave a recorded statement to the officers. M.M. returned home and at approximately 7 p.m. went for a bike ride with his mother. M.M. saw a black car drive past, and he identified it as the car of his attacker. M.M.'s mother directed a neighbor who knew of the incident to follow the black car. The neighbor drove in pursuit and soon saw a black car fitting the description and recorded the license plate number. That license plate number belonged to appellant's 1992 black Pontiac Grand Prix.

The next day M.M. chose appellant's picture from a photo line-up. M.M.'s sister could not identify appellant from the line-up, which consisted of six photographs, but chose his picture as one of two possibilities. On May 7 appellant telephoned police from his college in South Dakota. Appellant denied being in Northfield on May 4. Appellant said he spent the day with his father on the family farm in Blooming Prairie.

Appellant was subsequently charged with one count of criminal sexual conduct in the second degree.

Before trial, appellant notified the state that he intended to present an alibi defense. In response, the state sought to introduce evidence, pursuant to Minn. R. Evid. 404(b), of a prior bad act. The 404(b) evidence concerned an incident in which appellant improperly touched the penis of an 8–year–old boy in February 1996, for which he pled guilty to second-degree criminal sexual conduct. In fact, Sunday, May 4, 1997, was the day before appellant was to be sentenced for the 1996

---

1. Minnesota Statutes § 609.343, subd. 1, provides:

A person who engages in sexual contact with another person is guilty of criminal sexual conduct in the second degree if any of the following circumstances exists: (a) the complainant is under 13 years of age and the actor is more than 36 months older than the complainant. Neither mistake as to the complainant's age nor consent to this act by the complainant is a defense. In a prosecution under this clause, the state is not required to prove that the sexual contact was coerced.

incident, and he had an 8 p.m. appointment with his attorney Sunday evening in Owatonna, Minnesota. Appellant objected to the admission of evidence of the 1996 molestation, but agreed during trial to stipulate to the essential facts of the episode.

After the state rested its case, the court read the following cautionary instruction to the jury:

> The evidence that was going to be offered through testimony this morning was evidence, the State offered, was going to introduce, concerning an occurrence on February 7th, of 1996, in Owatonna, Minnesota. That evidence is offered only for whatever value, if any, you find it has in assisting you in determining whether the Defendant committed the acts in Northfield on May 4, 1997, which the defendant is charged with in the complaint we are trying at this trial.

> The Defendant is not being tried for, and may not be convicted, for any offense other than the offense charged in the complaint. You're specifically instructed that you're not to convict the Defendant on the basis of any occurrence on February 7, 1996, in Owatonna, to do so might result in unjust double punishment.

This instruction was an adaptation of CRIMJIG 2.01 to the facts of this case. *See* 10 Minn. Dist. Judges Ass'n, *Minnesota Practice—Jury Instruction Guides, Criminal,* CRIMJIG 2.01 (3d ed.1990).

The trial court then read the following stipulation to the jury:

> On February 7, 1996, Brian Luke Broulik, then 23 years of age, having been born on August 11, 1972 had sexual contact with BW, then an 8-year-old boy, at the Bridge Street Apartments in Owatonna. This occurred when Mr. Broulik offered to help BW remove his snow pants. In the course of helping him remove his snow pants, Mr. Broulik, for sexual purposes, touched BW's genital area. BW immediately reported this in-

cident to his mother who immediately called the Owatonna Police.

> An hour after this incident was reported, Mr. Broulik's automobile, a 1992 Pontiac Grand Prix, with Minnesota license number 028–FAS, was seen at the Bridge Street Apartments. At the time of this incident Mr. Broulik was living on his parents' farm in rural Blooming Prairie, in Steele County.

> After an uncontested proceeding in which Mr. Broulik acknowledged his conduct, Mr. Broulik was convicted of and sentenced for Criminal Sexual Conduct in the Second Degree by the Steele County District Court.

Appellant testified that he spent May 4 helping his father on the farm. Appellant's father testified that appellant was with him, and never out of his sight, until 5 p.m. that day. M.M.'s mother reported the sexual assault to police at approximately 4:30 p.m. Appellant's mother testified that she saw appellant return from the field and later leave the family home at approximately 6:45 p.m. Several friends of appellant testified they saw appellant at 7:30 that evening at a Pizza Hut in Owatonna. This was in the same timeframe when M.M. and his mother reported seeing the black car in their neighborhood in Northfield.

A stipulation was read to the jury that appellant arrived on time for his 8 p.m. appointment, but to avoid prejudice the jury was not informed that the appointment was a meeting with appellant's attorney to discuss sentencing on the 1996 molestation incident.

At the close of trial and prior to the jury's deliberations, the court read this additional cautionary instruction to the jury:

> The parties have stipulated to an occurrence on February 7th, of 1996, in Owatonna, Minnesota. As I told you at the time this evidence was offered, it was admitted only for whatever value, if any, you find it has in assisting you in deter-

mining whether the Defendant committed the acts in Northfield on May 4, 1997, with which the defendant is charged with in the complaint we are trying at this trial. Defendant is not being tried for, and may not be convicted of, any crime other than the crime charged in this Complaint. You are instructed specifically that you are not to convict the Defendant solely on the basis of any occurrence on February 7, 1996, in Owatonna. To do so might result in unjust, double punishment.

This instruction was an adaptation of CRIMJIG 3.16 to the facts of this case. *See* 10 Minn. Dist. Judges Ass'n, *Minnesota Practice—Jury Instruction Guides, Criminal,* CRIMJIG 3.16 (3d ed.1990).

On appeal to this court, appellant does not challenge the admission of the evidence of his prior offense ("*Spreigl* evidence" [2]), but argues that the trial court erred when it refused to modify the CRIMJIG 2.01 and 3.16 cautionary instructions as they related to the prior offense. Appellant contends that *State v. Billstrom,* 276 Minn. 174, 177–78, 149 N.W.2d 281, 284 (1967), requires a more specific cautionary instruction than is currently contained in CRIMJIGs 2.01 and 3.16.

We stated in *Billstrom* that when *Spreigl* evidence is admitted to rebut an alibi:

[b]oth at the time the evidence is received and in the final charge, the court should admonish the jury that the testimony is received for the limited purpose of establishing identity. It is the court's duty to advise the jury in unequivocal language that defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment.

276 Minn. at 179, 149 N.W.2d at 285 (citations omitted). CRIMJIGs 2.01 and 3.16 follow the *Billstrom* language, except that

they do not contain an admonition "that the testimony is received for the limited purpose of establishing identity."

Appellant asserts on appeal that the CRIMJIG 2.01 and 3.16 instructions given in his trial failed to satisfy *Billstrom* in two respects. First, he argues that the jury should have been instructed on the limited purpose for which it *could* permissibly use the evidence. Second, appellant argues that the jury should have been expressly instructed for what purpose it *could not* be used. We note at the outset that the instructions given did state that the evidence *could* be used only for the limited purpose of determining whether appellant committed the crime charged and *could not* be used to convict him for the prior conduct. Appellant contends that the instruction should be more specific in describing the permissible limited purpose, here establishing identity, and more specific as well in describing the impermissible use, inferring guilt from bad character.

■ "The refusal to give a requested jury instruction lies within the discretion of the trial court and no error results if no abuse of discretion is shown." *State v. Blasus,* 445 N.W.2d 535, 542 (Minn.1989). "The jury instructions must be viewed in their entirety to determine whether they fairly and adequately explained the law of the case." *State v. Flores,* 418 N.W.2d 150, 155 (Minn.1988). We afford significant discretion to the trial court to craft jury instructions. *See State v. Peou,* 579 N.W.2d 471, 476 (Minn.1998). We conclude that the trial court did not abuse its discretion here by following the CRIMJIG 2.01 and 3.16 instructions.

■ First, we reject the contention that the appellant was deprived of his right to a fair trial because the jury instructions did not tell the jury that the other-crime evidence was admitted for the limited purpose of establishing identity. Significantly, it does not appear that appellant re-

**2.** *See State v. Spreigl,* 272 Minn. 488, 139 N.W.2d 167 (1965).

quested such an instruction at trial. The record does not contain the precise instruction language that appellant requested because the request was made in an off-the-record discussion in chambers.[3] The nature of the instruction requested is nevertheless revealed in a later statement by defense counsel made on the record:

> There was one other matter. It was actually initially made during the course of this trial. I requested that the court, as part of the cautionary instruction regarding the, regarding the use of other wrongful acts or crimes, incorporate in that language from Minnesota Rules of Evidence 404, *stating that such evidence is not to be used to prove character,* or that the actor in this case, the Defendant, acted in conformity with that character. I requested that as an initial cautionary instruction. I also, I guess, request it as part of the final. And for the record the court declined to give that instruction, as I recall.

(Emphasis added.) This statement demonstrates that the requested instruction was directed only at the purpose for which the jury could not use the evidence. We see in the record no indication that appellant asked that the jury be instructed that the *Spreigl* evidence could only be used to prove identity.

The United States Supreme Court has recognized that Federal Rule of Evidence 105, which is identical to the parallel Minnesota Rule 105, provides protection against unfair prejudice from other crimes evidence admitted under Rule 404(b). *See Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).[4] Both the federal and state Rule 105 provide that "[w]hen evidence which is admissible * * * for one purpose but not admissible * * * for another purpose is admitted, the court, *upon request,* shall restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R.Evid. 105; Minn. R. Evid. 105 (emphasis added). Thus, Rule 105 contemplates a specific instruction regarding the permissible use of Rule 404(b) evidence only upon request. Appellant apparently neither cited Rule 105 nor made such a request at trial. He therefore waived any argument that the instruction should have informed the jury that the evidence could be used only for the specific purpose of establishing identity. *See generally State v. Morales,* 324 N.W.2d 374, 376 (Minn. 1982).

We do not read *Billstrom* as mandating a specific limited purpose instruction for Rule 404(b) evidence even in the absence of a request. We have allowed the standard CRIMJIG 2.01 and 3.16 instructions to be used for 20 years. Rule 105, which addresses the subject of limited purpose evidence and was adopted ten years after *Billstrom,* expressly requires such an instruction only "upon request." In these circumstances we cannot conclude that the trial court abused its discretion in failing to instruct the jury that the *Spreigl* evi-

---

**3.** To permit adequate appellate review of a challenge to jury instructions, counsel should make sure that any request for specific instruction language appears on the record. Minn. R.Crim. P. 26.03, subd. 18(1), permits proposed instructions to be submitted in writing and requires the trial court to inform counsel on the record of its proposed action upon such requests prior to the arguments to the jury.

**4.** Federal courts treat Rule 404(b) as a rule of inclusion, permitting evidence of other crimes to be admitted unless it tends only to prove the defendant's criminal propensity. *See United States v. Molina,* 172 F.3d 1048, 1054 (8th Cir.1999); *United States v. Bok,* 156 F.3d 157, 165 (2d Cir.1998); *United States v. Cassiere,* 4 F.3d 1006, 1021 (1st Cir.1993); *United States v. Cohen,* 888 F.2d 770, 776 (11th Cir. 1989). *See generally United States v. VanMetre,* 150 F.3d 339, 351 (4th Cir.1998); *United States v. Bakke,* 942 F.2d 977, 981 (6th Cir. 1991); *Government of Virgin Islands v. Edwards,* 903 F.2d 267, 269–70 (3d Cir.1990); *United States v. Cuch,* 842 F.2d 1173, 1175–76 (10th Cir.1988); *McCluney v. Jos. Schlitz Brewing Co.,* 728 F.2d 924, 929 (7th Cir. 1984); *United States v. Ackal,* 706 F.2d 523, 531 (5th Cir.1983).

dence was admitted for the limited purpose of establishing identity.

■ Appellant urges us to join the Second and Eighth Circuit Courts of Appeal and adopt pattern instructions that inform the jury of the specific limited purpose for which Rule 404(b) evidence has been received. We have reviewed the pattern instructions of the Second and Eighth as well as other circuits to see how other courts handle the task of instructing juries on the proper use of Rule 404(b) evidence. The Second Circuit has endorsed an instruction regarding use of Rule 404(b) evidence that explains the limited purpose for which the evidence may be used. *See United States v. Danzey*, 594 F.2d 905, 915 (2d Cir.) (jury instructed "not to consider the evidence as going to the character of the accused but only as going to identity"), *cert. denied*, 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979). But consistent with Rule 105, the limited purpose instruction is only required if requested by the defendant. *See United States v. Thomas*, 54 F.3d 73, 81 (2d Cir.1995) ("If such evidence is admitted, and *if requested to do so*, the trial court must give an appropriate instruction to the jury explaining the limited purpose for which the evidence may be considered") (emphasis added).

Like the Second Circuit, the Eighth Circuit has adopted a model instruction for Rule 404(b) evidence that includes both what the evidence may and may not be used for. Eighth Circuit Instruction 2.09 (defendant's prior similar acts where introduced to prove identity) provides:

> You [are about to hear] [have heard] evidence that the defendant previously committed [an act] [acts] similar to [the one] [those] charged in this case. You may use this evidence to help you decide [manner in which the evidence will be used to prove identity—e.g., whether the similarity between the acts previously committed and the one(s) charged in this case suggests that the same person committed all of them].
>
> Remember, however, that the mere fact that the defendant may have committed [a similar act] [similar acts] in the past is not evidence that [he][she] committed such [an act] [acts] in this case. The defendant is on trial for the crime[s] charged and for [that] [those] crime[s] alone. You may not convict a person simply because you believe [he][she] may have committed some act[s], even bad act[s], in the past.

*See Eighth Circuit Manual Model Jury Instructions Criminal* 2.09 (West 1996). We recognize that other federal circuit courts have endorsed similar pattern instructions to be given when requested. For example, *First Circuit Pattern Jury Instructions Criminal* 2.05 (West 1998) provides:

> You have heard [will hear] evidence that [defendant] previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his/her character, [defendant] carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding: * * *.

*See also Fifth Circuit Pattern Jury Instruction Criminal* 1.30 (West 1997); *Sixth Circuit Pattern Criminal Jury Instructions* 7.13 (West 1991); *Seventh Circuit Federal Jury Instructions Criminal* 3.04 (West 1999); *Ninth Circuit Manual Model Criminal Jury Instructions* 2.10 (West 1997); *Eleventh Circuit Pattern Jury Instructions Criminal* Special Instructions 4 (West 1997).

The comments to CRIMJIGs 2.01 and 3.16 express the opinion of the Minnesota District Judges Association Committee on Criminal Jury Instruction Guides that "the instructions should not discuss possible inferences which may be drawn from particular evidence * * *. This should be left to the argument of the attorneys. Accordingly this instruction is deliberately phrased in general language." 10 Minn. Dist. Judges Ass'n, *Minnesota Practice— Jury Instruction Guides, Criminal,* Com-

ment to CRIMJIG 2.01 (4th ed.1999). *See id.* Comment to CRIMJIG 3.16. We have not been made aware of an appellate decision that has echoed that concern. The federal appellate courts have taken a different approach by including the specific limited purpose for which Rule 404(b) evidence may be used in their pattern instructions. A trial court's failure to give an instruction on the specific purpose for which Rule 404(b) evidence may be considered is not error where no request to so instruct is made.

■ The second aspect of appellant's challenge to the instructions on the *Spreigl* evidence, and the one that he did raise at trial, is the need for a more specific instruction that the evidence could not be used to establish bad character. Rule 404(b), of course, contains more than a list of proper purposes for admission of *Spreigl* evidence. It provides that "evidence of another crime, wrong, or act is not admissible to prove the character of a person in order to show action in conformity" with that character. We warned in *Spreigl* that a judge or jury should not give excessive weight to a defendant's history of prior misconduct because those acts may bear too strongly on a new allegation of misconduct. 272 Minn. at 496, 139 N.W.2d at 172. We examine the instructions given in this case to determine whether they adequately protected appellant from the unfair prejudice against which we warned in *Spreigl.*

We recently held that using the standard cautionary jury instructions with prior acts evidence "helps ensure that the jury uses the evidence only for the permissible purposes espoused in Rule 404(b) or our case law, and not to convict the defendant on the basis of the prior bad acts." *State v. Williams,* 593 N.W.2d 227, 237 (Minn.1999). *See also State v. Lynch,* 590 N.W.2d 75, 81 (Minn.1999) (using the standard cautionary instructions "assured that the jury did not give improper weight to the evidence"); *State v. Kennedy,* 585 N.W.2d 385, 392 (Minn.1998) (explaining

that CRIMJIGs 2.01 and 3.16 lessen "the probability of undue weight being given by the jury to the evidence"). The standard cautionary instructions have been used for over 20 years, and we have not required more specific cautionary instructions when *Spreigl* evidence is admitted.

■ The trial court, in rejecting the proposed modification to the standard instructions, stated: "when I start emphasizing what [the prior conviction] cannot be used for, in order to give the jury any information, then I start saying what it could be used for * * * the JIG instruction fairly indicates that it can't be used for the, that he can't be convicted of that [prior] offense." This is the essence of what we will call the character instruction; the jury may not infer that because appellant committed a similar act in the past, he has a bad character and is therefore more likely to have committed the act charged in the complaint. That concept needs to be explained to the jury, but whether it is explained in terms of the word "character" is not pivotal. *Cf. United States v. Larson,* 112 F.3d 600, 603 (2d Cir.1997) (quoting the following jury instruction: "You may consider this evidence only for this purpose. You may not consider it as evidence of a general criminal propensity on the part of the defendant"). Instead, a trial court should be afforded the leeway to explain this prohibited use of *Spreigl* evidence in terms the court determines a jury will understand.

■ When the substance of a particular instruction is already contained in the trial court's instructions to the jury, the court is not required to give an additional requested instruction. *See State v. Auchampach,* 540 N.W.2d 808, 816 (Minn.1995). Here the jurors received an accurate instruction admonishing them not to convict appellant based on his prior crime. The standard CRIMJIG instructions adequately cautioned the jury about how the *Spreigl* evidence could not be used. A more specific caution focused on impermissible character

inferences from *Spreigl* evidence would not be prohibited, but it was not an abuse of discretion to use CRIMJIGs 2.01 and 3.16.

We recently held that when a court correctly states the law in language that a jury can understand, there is no reversible error. *See Peou,* 579 N.W.2d at 476. Here, the instructions warned the jury not to convict appellant based upon the prior incident of child molestation. We do not believe the trial court abused its discretion by refusing to give a modified cautionary instruction.

Affirmed.