**STATE of Minnesota, Respondent,**

v.

**Henry John MARTINEZ, Jr., Appellant.**

No. A04–546.

Court of Appeals of Minnesota.

April 5, 2005.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, MN, for respondent.

Joseph S. Friedberg, Minneapolis, MN; and Lisa Lodin Peralta, Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge, PETERSON, Judge, and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Appellant John Henry Martinez, Jr. was convicted of fifth-degree criminal sexual conduct based on an incident involving his adult stepdaughter. Appellant challenges (1) the admission of two incidents of prior bad acts as overly prejudicial; (2) the admission of two statements he asserts are hearsay; and (3) a jury instruction. We affirm.

## FACTS

Appellant was charged after his stepdaughter reported to police that he had touched her inappropriately. Appellant was convicted after a jury trial. During trial, the district court admitted several evidentiary items that appellant now challenges as inadmissible bad acts evidence.

The state sought to admit four prior bad acts by appellant. The prosecutor argued at the pretrial hearing that the prior bad acts were admissible under Minn. R. Evid. 404(b) to show appellant's intent, common scheme and plan, absence of mistake or accident, and lack of fabrication under *State v. Wermerskirchen*, 497 N.W.2d 235 (Minn.1993). The district court admitted two incidents of prior bad acts because the conduct was either the "same" or similar, involving "unwanted sexual touching that was done ... without the consent, and with the making the other party very uncomfortable...."

The district court also refused to grant appellant's request for a limiting instruction that the prior bad acts evidence was admitted for the sole purpose of proving

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

intent.[1] Appellant's counsel argued that "even though [the district court's instruction in this matter] is in the jury instruction guide, which to a degree is law, at least advisory law, it is conceptually wrong and it's legally wrong." The state responded that appellant had been notified of the issues justifying the offer of the evidence and that, according to commentary in the jury instruction guide, the instruction was purposely worded in general language to avoid injecting argument into a judge's charge. The court concluded that the jury instruction adequately and correctly stated the law and denied appellant's request to modify the instruction.

## ISSUES

1. Is appellant entitled to the jury instruction that he requested on the purposes for which the jury could use prior bad acts evidence admitted at trial?

2. Did the district court otherwise err in admitting evidence?

## ANALYSIS

### I.

The refusal to give a requested jury instruction lies within the discretion of the district court and will not be reversed absent an abuse of discretion. *State v. Cole*, 542 N.W.2d 43, 50 (Minn. 1996). "Trial courts are allowed 'considerable latitude' in [the] selection of language" for the jury instructions. *State v. Gray*, 456 N.W.2d 251, 258 (Minn.1990)

(quoting *Alholm v. Wilt*, 394 N.W.2d 488, 490 (Minn.1986)). "[J]ury instructions must be viewed in their entirety to determine whether they fairly and adequately explained the law of the case." *State v. Flores*, 418 N.W.2d 150, 155 (Minn.1988).

In *State v. DeYoung*, 672 N.W.2d 208, 212 (Minn.App.2003), this court held that when a defendant requests an instruction limiting the specific purpose for which *Spreigl* evidence may be considered, the district court must give the instruction. The *DeYoung* court concluded that this result was mandated by *State v. Broulik*, 606 N.W.2d 64 (Minn.2000) in which the Minnesota Supreme Court questioned the rationale behind the relevant CRIMJIG instruction and endorsed the practice of the federal courts, which require a specific limiting instruction when requested. *See Broulik*, 606 N.W.2d at 68–71.[2]

In *Ture v. State*, 681 N.W.2d 9, 18–19 (Minn.2004), the supreme court held that where a defendant asked for the Eighth Circuit Model Instruction, which instructed that evidence of prior bad acts was admitted solely for the purposes of proving identity, the district court did not err in denying the request where the evidence was admitted for other purposes along with identity.

Finally, in *State v. Babcock*, 685 N.W.2d 36 (Minn.App.2004), *review denied* (Minn. Oct. 19, 2004), this court, on remand, had to determine in another setting whether

---

**1.** During jury deliberations, appellant renewed his request for a limiting instruction, arguing that the jury should have been instructed that the prior bad acts evidence was admitted for the purpose of proving intent and absence of mistake. This request was untimely because the jury had already been instructed. Moreover, if the instruction had been made in a timely fashion, the court properly denied the instruction for reasons stated in this opinion.

**2.** In *Broulik*, 606 N.W.2d at 71, the supreme court held that the district court did not err by failing to give a limiting instruction because the defendant did not request a limiting instruction at trial. It is evident that the defendant's failure to request a limiting instruction was a significant factor in the supreme court's decision that the district court did not abuse its discretion. *Id.* at 68–69.

the district court erred in denying the defendant's request for a limiting instruction. Babcock requested that the district court instruct the jury on the specific purposes for which it had admitted the bad acts evidence but left the content of the instruction to the discretion of the district court. *Id.* at 39. This court determined that the district court erred in denying defendant's request for a limiting instruction. *Id.* at 42. Unlike the circumstances in *Ture,* where the request failed to identify all of the purposes for which prior bad acts evidence was admitted, the defendant in *Babcock* did not make an incomplete request; he only requested that the district court specify to which purposes the bad acts evidence was admitted. *Id.*

 In the case on appeal here, the state notified appellant that it would seek to admit certain bad acts evidence to show intent, common scheme, and absence of mistake, all in respect to appellant's state of mind, but also reported that the state would seek to admit the bad acts evidence under *Wermerskirchen,* which allows admission in cases where a defendant's theory of the case is that the victim fabricated or misperceived the conduct giving rise to the offense. *See State v. Wermerskirchen,* 497 N.W.2d 235, 242 (Minn.1993) (holding that where defendant contended an accusation was a "fabrication or a mistake in perception by the victim," bad act evidence is proper to show the veracity of the testimony if the district court is satisfied that other conduct is sufficiently relevant to

charged crime).[3] Appellant's request on intent was incomplete. The record indicates that the evidence was admitted not only for the purpose of showing intent, common scheme, and absence of mistake, but under *Wermerskirchen* as well. As in *Ture,* 681 N.W.2d 9, the district court did not err in denying appellant's incomplete request for a more particular instruction.

## II.

 The reviewing court will not reverse the district court's admission of evidence of other crimes or bad acts unless an abuse of discretion is clearly shown. *State v. Scruggs,* 421 N.W.2d 707, 715 (Minn.1988); *see also State v. Kennedy,* 585 N.W.2d 385, 389 (Minn.1998) (characterizing evidence of other crimes or bad acts as "*Spreigl*" evidence). To prevail, an appellant must show the error and the prejudice resulting from the error. *State v. Loebach,* 310 N.W.2d 58, 64 (Minn.1981).

 Appellant challenges the admission of two prior incidents: one involving appellant's other adult stepdaughter, and the other involving a male subordinate at work. The district court evaluated the two incidents separately using the rubric of Minn. R. Evid. 404(b). The court found the two incidents to be the "same" or similar for purposes of the rule at least insofar as the two acts and the alleged conduct in question all involved "unwanted sexual touching that was done . . . without the consent, and with the making the other party very uncomfortable. . . ."[4] After ful-

---

**3.** The parties have not briefed and we do not decide whether a specific instruction would be appropriate in a *Wermerskirchen* case and if so, how the request for instruction might be made.

**4.** Other than the similarities between the incidents, the record does not contain a declaration of the district court's explanation on the relevancy of the specific evidence or its specif-

ic expression that the evidence is more probative than prejudicial. We necessarily infer in the district court's deliberation on the similarities of the past and present conduct its reflection on the state's position that the evidence related both to the issue of intent and the fabrication attack on the state's witness. The court's deliberation on the standard of "more probative than prejudicial" is suggested by the court's additional comments when it ex-

ly reviewing the relevant evidence, we conclude that this district court finding is adequately supported by the record. The court's determination that the prejudice to appellant in proof of his prior acts was not greater than its evident probative value does not fall outside the scope of the court's broad discretion.

Because we conclude that the district court did not abuse its discretion in admitting the bad act evidence under *Spreigl* standards, we do not review the state's alternative claim that both reference to the prior acts and proof of their detail could have properly been admitted as a rebuttal to appellant's efforts to show the bias and fabrication of the accuser.

 Appellant also challenges two statements as inadmissible hearsay. During cross-examination, the victim testified that the reason she disliked appellant immediately upon knowing him was because her aunt and sister had told her about several bad acts in his past. If this statement had been offered to prove the truth of the matter asserted, that is, that the incidents as told to the stepdaughter were true, it would be hearsay, and likely inadmissible. But the statement was not offered for the truth of the matter asserted; it was offered to show the victim's beliefs about appellant. It is not hearsay evidence and was properly admitted.

During direct examination of the victim's adult sister, the witness testified that the victim told her that appellant made inappropriate comments of a sexual nature. This challenged statement involves hearsay within hearsay. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an ex-

ception to the hearsay rule provided in [the] rules." Minn. R. Evid. 805.

Appellant's statements to the victim are admissions of a party-opponent, and are non-hearsay under Minn. R. Evid. 801(d)(2). The victim's statement to her sister would be hearsay if offered for the truth of the matter asserted—that appellant made inappropriate comments of a sexual nature. But Minn. R. Evid. 801(d)(1) defines prior statements by a witness as non-hearsay when the declarant testifies at trial, is subject to cross-examination concerning the statement, and the statement is consistent with the declarant's testimony and helpful to the trier of fact to evaluate the declarant's credibility. All of the prongs of this rule are met, and the court did not err in admitting the evidence.

## DECISION

Because of the multiple subjects to which the state's bad acts evidence was directed, the district court did not err in refusing to instruct the jury that the evidence regarded only appellant's state of mind. In addition, the court's admission of *Spreigl* evidence and alleged hearsay evidence, viewed according to the applicable rules of evidence, was within the scope of its broad discretion.

**Affirmed.**

---

cluded other bad acts evidence, its conclusion that evidence of this conduct should be ex-

cluded because it was too "highly inflammatory."