*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0153**

State of Minnesota,
Respondent,

vs.

William James Holisky, II,
Appellant

**Filed February 1, 2016
Affirmed
Worke, Judge**

St. Louis County District Court
File No. 69DU-CR-13-1447

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges his felony domestic-assault conviction, arguing that the district court abused its discretion by denying motions (1) to present relationship

evidence, (2) for a self-defense jury instruction, and (3) to present alternative-perpetrator evidence. We affirm.

## FACTS

On January 29, 2013, Police Officer Todd Simmons encountered D.A. and J.R. sleeping outside. He asked the couple if they had some place to go, and D.A. asked the officer to take them to her ex-boyfriend's apartment. D.A.'s ex-boyfriend is appellant William James Holisky, II. D.A. began a relationship with J.R. shortly after ending her relationship with Holisky.

Officer Simmons drove the couple to Holisky's apartment. The officer left when it appeared that Holisky had no problem with the couple staying with him. But Holisky quickly became upset and called D.A. names. J.R. saw Holisky punch D.A. and attempted to intervene, but Holisky pushed him out of the apartment. Holisky slapped, hit, and kicked D.A. J.R. called 911. Officer Simmons returned to the apartment and heard Holisky and D.A. yelling. D.A. told the officer that Holisky hit her. Holisky told the officer that D.A. hit him first.

Officer Simmons drove D.A. and J.R. to detox. When she arrived, D.A. told Nurse Jeri Anderson that Holisky hit her and that her left ribs and stomach hurt. D.A. reported that she was hit in the face, and Anderson observed redness on D.A.'s face.

D.A. stayed in detox until the morning of February 1. After she left, she again became intoxicated and returned to detox later that day. D.A. told Anderson that she was upset because the police did not do anything about the assault. Anderson called the police, and D.A. reported to Officer Jeff Keast that Holisky assaulted her on January 29.

2

D.A. told Keast that Holisky backhanded her, threw her to the ground, kicked her ribs, and stomped on her foot.

A jury found Holisky guilty of felony domestic assault. This appeal follows.

## D E C I S I O N

### *Victim's alleged prior assault*

Holisky first argues that the district court should have admitted his proffered relationship evidence. This court reviews the district court's rulings on evidentiary issues for an abuse of discretion. *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). If the district court erred, we must determine whether the error was harmless. *State v. Vang*, 774 N.W.2d 566, 576 (Minn. 2009). "If no constitutional right was implicated, we will reverse only if the district court's error substantially influence[d] the jury's decision." *Id.* (quotation omitted).

Holisky claims that one month prior to the incident, D.A. burned him with a hot spoon. He asserts that this was admissible relationship evidence. But relationship evidence is "[e]vidence of domestic conduct *by the accused* against the victim of domestic conduct, or against other family or household members." Minn. Stat. § 634.20 (2012) (emphasis added). The statute does not contemplate alleged conduct by the victim. Holisky's claim that the district court should have admitted relationship evidence fails.

Holisky asserts that even if the evidence was not relationship evidence, the district court should have admitted the evidence because it supported his self-defense claim. Holisky claims that D.A.'s alleged attack shows that he reasonably believed that he was

3

in danger of harm. Holisky cites *State v. Penkaty*, to support his claim that evidence of D.A.'s prior assault was admissible. 708 N.W.2d 185 (Minn. 2006). The court in *Penkaty* stated that "[e]vidence of prior acts of violence by the victim . . . is admissible to show that the defendant was reasonably put in apprehension of serious bodily harm." *Id.* at 202. In *Penkaty*, police officers were prepared to testify about alleged prior acts of violence by the victim. *Id.*

Here, it is unclear how Holisky sought to admit the evidence that D.A. allegedly attacked him. Holisky did not testify. And even if Holisky cross-examined D.A. and she admitted that she attacked Holisky, it does not establish that Holisky reasonably believed that she would hurt him on January 29. Indeed, the mere fact that Holisky allowed D.A. and J.R. into his apartment on January 29 belies any claim that he reasonably feared her. Thus, even if the district court erred by refusing to admit this evidence, any error was harmless.

### Self-defense jury instruction

Holisky next argues that the district court should have given the jury a self-defense instruction. A district court has the discretion to determine whether to give a requested jury instruction. *State v. Broulik*, 606 N.W.2d 64, 68 (Minn. 2000). To merit a new trial, a defendant must show that he was entitled to the jury instruction and that the district court's failure to give the instruction was not harmless. *State v. Pendleton*, 567 N.W.2d 265, 270 (Minn. 1997). "If the defense was not prejudiced by a refusal to issue an instruction, there is no reversible error." *State v. Hannon*, 703 N.W.2d 498, 509 (Minn. 2005).

4

The district court denied Holisky's request for a self-defense jury instruction because there was "no testimony relative to [the] elements of self defense." A defendant is entitled to an instruction on his theory of the case if there is evidence to support it. *State v. Coleman*, 373 N.W.2d 777, 781 (Minn. 1985). The defendant "has the burden of going forward with evidence to support a claim of self-defense." *State v. Basting*, 572 N.W.2d 281, 286 (Minn. 1997). The elements of self-defense are (1) the absence of aggression or provocation on the part of the defendant, (2) the defendant's honest belief that he was in imminent danger of death or great bodily harm, (3) reasonable grounds for that belief, and (4) the absence of a reasonable possibility to retreat. *Id.* at 285. Additionally, the degree of force used to defend must not exceed that which would appear necessary to a reasonable person acting under similar circumstances. *Id.* at 286.

The only evidence even slightly supporting Holisky's self-defense claim was Officer Simmons's testimony that when he returned to the apartment, D.A. told him that Holisky hit her, and Holisky said that D.A. hit him first. Even if D.A. hit Holisky first, there is no absence of aggression or provocation on Holisky's part because D.A. testified that Holisky was upset and called her names. And even if D.A. hit Holisky first, he exceeded the degree of force necessary to defend himself. J.R. testified that Holisky punched D.A., and D.A. testified that Holisky hit her and kicked her after she fell down. The district court appropriately denied Holisky's request for a self-defense jury instruction because Holisky failed to present evidence supporting his self-defense claim.

*Alternative-perpetrator evidence*

Finally, Holisky argues that the district court should have admitted alternative-perpetrator evidence. Holisky claimed that, because D.A. did not report the incident until three days after it occurred, her injuries could have occurred any time during the three-day gap. Specifically, Holisky asserted that J.R. could have assaulted D.A. because he was convicted of assaulting D.A. mere months after the January incident. The district court denied Holisky's motion because the alternative-perpetrator evidence was speculative, but allowed Holisky to cross-examine D.A. about her injuries.

Before a district court decides to admit alternative-perpetrator evidence, the defendant must show "that the evidence the defendant seeks to admit has an inherent tendency to connect the alternative perpetrator to the commission of the charged crime." *State v. Ferguson*, 804 N.W.2d 586, 591 (Minn. 2011) (quotation omitted). When evaluating whether the requisite showing is made, the district court need only determine "whether the inherent tendency connection, beyond a bare suspicion, has been made." *State v. Blom*, 682 N.W.2d 578, 621 (Minn. 2004). If the defendant establishes foundation, he may then introduce "evidence of a motive of the third person to commit the crime, threats by the third person, or other miscellaneous facts tending to prove the third party committed the crime." *State v. Atkinson*, 774 N.W.2d 584, 590 (Minn. 2009) (quotation omitted).

Holisky did not present evidence that someone else committed the charged crime. Holisky's suggestion that J.R. caused D.A.'s injuries because he was convicted of assaulting D.A. months after the January incident is mere suspicion. During cross-

6

examination, D.A. admitted that when she was intoxicated she could have fallen. But this evidence does not implicate an alternative perpetrator.

Even if the district court erred, however, any error is harmless because the verdict would not have been different if the jury heard the alternative-perpetrator evidence. D.A. testified that Holisky assaulted her. J.R. testified that he saw Holisky punch D.A. Officer Simmons arrived at the apartment to find D.A. and Holisky arguing. D.A. told Officer Simmons that Holisky hit her. Holisky told Officer Simmons that D.A. hit him first. D.A. told Anderson that Holisky hit her. D.A. told Officer Keast that Holisky assaulted her. Because the jury heard several witnesses testify about Holisky assaulting D.A., any district court error in excluding alternative-perpetrator evidence did not substantially influence the verdict.

**Affirmed.**