STATE of Minnesota, Respondent,

v.

Jay NORREGAARD,
Petitioner, Appellant.

No. C4–85–912.

Supreme Court of Minnesota.

April 4, 1986.

C. Paul Jones, Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Attorney, Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty of aggravated robbery (robbery accompanied by infliction of bodily harm upon the victim), Minn. Stat. § 609.245 (1984), and assault in the third degree (assault involving infliction of substantial bodily harm upon the victim), Minn.Stat. § 609.223 (1984), and he was sentenced by the trial court to stayed concurrent terms of 49 and 21 months. The Court of Appeals affirmed. *State v. Norregaard*, 380 N.W.2d 549 (Minn.App.1986). We granted defendant's petition for further review but only for the limited purpose of addressing the issue of whether the trial court violated Minn.Stat. § 609.035 (1984) in imposing multiple sentences.

Section 609.035 prohibits multiple sentences, even concurrent sentences, for two or more offenses that were committed as part of a single behavioral incident. In deciding whether two or more intentional crimes were part of a single behavioral incident, one must focus on the factors of time and place and also consider whether the segments of conduct involved were motivated by a desire to obtain a single criminal objective. *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 525 (1966). One must also bear in mind that one of the main purposes of the statute is to protect a defendant convicted of multiple offenses against unfair exaggeration of the criminality of his conduct. *See id.* at 399–400, 141 N.W.2d at 522.

Whether or not a robbery, on the one hand, and an assault or rape, on the other, were committed as part of a single behavioral incident depends on the facts of the case. *Compare State v. Kutchara*, 350 N.W.2d 924 (Minn.1984) (assault with a dangerous weapon and attempted robbery were part of same behavioral incident because assault was in furtherance of the robbery) *with State v. McAdoo*, 330 N.W.2d 104 (Minn.1983) (attempted robbery

and assault with a dangerous weapon were not part of same behavioral incident because defendant fired gun at police after making decision to "get" them, not to facilitate commission of robbery or of escape from apprehension).

In this case the victim testified that while walking him home after a day of drinking liquor and smoking marijuana, defendant and an accomplice robbed him, knocking him unconsciousness in the process. In other words, the robbery and assault occurred at the same time and place. While recognizing this, the Court of Appeals attached particular significance to the fact that petitioner and his accomplice could have committed the robbery without either of them beating the victim. It concluded that therefore defendant's conduct was divisible rather than unitary. We believe that the Court of Appeals attached too much significance to this fact in this case. More significant, in our opinion, is the fact that it was the assault that transformed what would otherwise have been a simple robbery into an aggravated robbery. Stated differently, petitioner was convicted of the more serious form of robbery and received additional punishment for the robbery because it was a robbery accompanied by the infliction of bodily harm. Under the circumstances, it is unfair and inconsistent with the aim of section 609.035 to also allow separate punishment for the assault.[1]

Accordingly, we modify the decision of the Court of Appeals by vacating the lesser of the two concurrent sentences imposed by the trial court.

Affirmed as modified.

---

**1.** This sort of double punishment would be proper if there were a specific exception to section 609.035 allowing it. *See State v. Gant,* 305 N.W.2d 790 (Minn.1981). In this case, however, no such exception exists.