STATE of Minnesota, Respondent,

v.

John Peter NUNN, Appellant.

No. C6–87–964.

Court of Appeals of Minnesota.

Aug. 25, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, J. Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Michael F. Cromett, St. Paul, for appellant.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

In a prior appeal this court affirmed appellant's convictions, but vacated appellant's sentence for aggravated robbery and remanded for resentencing. *State v. Nunn*, 399 N.W.2d 193 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. March 13, 1987). Appellant now claims the trial court erred in resentencing by imposing a concurrent sentence for the aggravated robbery conviction and resentencing him to a 60–month consecutive sentence for the second degree assault conviction when his prior sentence was a 60–month concurrent sentence. We affirm in part and reverse in part.

## FACTS

Appellant John Peter Nunn and an accomplice, while armed with handguns, robbed a furniture store with six people in the store. During the robbery the people were ordered to lay down or have their heads blown off, and two or three shots were fired at a store employee as he ran out the front door. Appellant was found guilty of attempted second degree murder, aggravated robbery, and six counts of second degree assault. For a complete summary of the facts see *State v. Nunn*, 399 N.W.2d 193 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. March 13, 1987).

The trial court originally sentenced appellant as follows:

(1) Count I— Attempted Murder in the Second Degree—81 months;
(2) Count II— Aggravated Robbery—60–month <u>consecutive</u> sentence;
(3) Count III— Second Degree Assault—60–month consecutive sentence;
(4) Count IV— Second Degree Assault—60–month <u>concurrent</u> sentence;
(5) Count V— Second Degree Assault No sentence—merged with Count I;
(6) Count VI— Second Degree Assault—60–month concurrent sentence;
(7) Count VII— Second Degree Assault—No sentence—merged with Count II; and
(8) Count VIII— Second Degree Assault—60–month concurrent sentence.

Appellant had a criminal history score of two and the 60–month sentences were mandatory minimum sentences pursuant to Minn.Stat. § 609.11, subd. 5 (1984), because he had a prior conviction involving the use of a firearm. No sentence was imposed on two of the assault convictions because the court determined they merged with the convictions for attempted murder and aggravated robbery.

In the first appeal, this court found the trial court did not abuse its discretion when it sentenced appellant consecutively and the sentencing did not exaggerate the criminality of appellant's conduct. *Id.* at 197. However, this court held appellant could not be sentenced for both aggravated robbery and then separately for the four second degree assault convictions when the victims of the assaults were all victims of the aggravated robbery. *Id.* This court vacated appellant's sentence for aggravated robbery and remanded for resentencing, noting that upon remand the trial court could not impose a total sentence in

excess of the original 201 month sentence. *Id.* at 198. This court also explained that the trial court could have originally sentenced appellant for the attempted murder conviction and for the second degree assaults against the *five* other victims. *Id.*

On remand, the trial court imposed the following sentences:

(1) Count I— Attempted Second Degree Murder—81 month sentence;
(2) Count III— Second Degree Assault—60-month consecutive sentence;
(3) Count IV— Second Degree Assault—60-month <u>consecutive</u> sentence;
(4) Count II— Aggravated Robbery—60-month <u>concurrent</u> sentence;
(5) Count VI— Second Degree Assault—60-month concurrent sentence;
(7) Count VIII— Second Degree Assault—60-month concurrent sentence.

The trial court again did not impose sentence on the Count V and VII second degree assault convictions. Appellant appeals from the resentencing.

## ISSUE

On remand, did the trial court err by imposing a concurrent sentence for the aggravated robbery conviction and resentencing appellant to a 60-month consecutive sentence for the Count IV second degree assault conviction?

## ANALYSIS

■ This court previously held that the trial court erred by sentencing appellant for both aggravated robbery and the four second degree assaults against the four robbery victims and vacated appellant's sentence for aggravated robbery and remanded for resentencing. *Id.* at 198. *See generally State v. Norregaard*, 384 N.W.2d 449 (Minn.1986); Minn.Stat. § 609.-035 (1984). It was error for the trial court to impose a sentence, concurrent or otherwise, for the aggravated robbery conviction, when the court again imposed sentence on four of the assault convictions. The State concedes the aggravated robbery sentence is inconsistent with this court's prior holding.

Appellant also claims the trial court erred by vacating a concurrent 60-month sentence for the Count IV second degree

assault conviction and resentencing appellant to a consecutive 60-month sentence. Appellant asserts the court lacked authority to vacate the concurrent sentence and the resentencing was improper because it allegedly resulted in an increased penalty.

In this case, we remanded for resentencing consistent with our opinion and noted that under the multiple-victim exception, the trial court was originally authorized to impose sentences for attempted murder and second degree assault against each of the *five* other victims. After specifically noting that this method of sentencing was authorized, we held:

> We therefore hold that the trial court erred by sentencing appellant for both aggravated robbery and second degree assaults against four robbery victims. * * * However, under the multiple-victim exception, the trial court could have imposed sentences for attempted murder against Bronson and second degree assault against each of five other victims. * * * We therefore vacate appellant's sentence for aggravated robbery and remand for resentencing. Upon remand, the trial court may not impose a total sentence in excess of appellant's original sentence of 201 months.

*Nunn*, 399 N.W.2d at 198 (citations omitted).

■ In light of this court's specific directive in our prior opinion, and the fact that the trial court erroneously imposed a sentence on the aggravated robbery conviction, instead of all five of the second degree assault convictions, the trial court was free to resentence on the assault convictions so long as the newly imposed sentences were authorized by law and did not exceed the original 201 month sentence. *See generally State v. Hatton*, 409 N.W.2d 854 (Minn.1987); *State v. Pickett*, 358 N.W.2d 38 (Minn.1984); *State v. Rohda*, 358 N.W.2d 39. (Minn.1984). If this court intended to limit the trial court to vacating the aggravated robbery sentence, there would have been no need to remand for resentencing.

Our first opinion in *Nunn* established that it was not an abuse of discretion to sentence appellant consecutively and rejected the claim that the 201 month sentence exaggerated the criminality of appellant's conduct. *Nunn*, 399 N.W.2d at 197–98. Consecutive sentencing is permitted for multiple offenses involving multiple victims. Minnesota Sentencing Guidelines II.F; *see generally State v. Kennedy*, 342 N.W.2d 631 (Minn.1984); *State v. Rieck*, 286 N.W.2d 724 (Minn.1979). Since the court was free to resentence pursuant to this court's directive and the sentences imposed were authorized by law and did not exaggerate the criminality of appellant's conduct or exceed the original 201 month total sentence, the imposition of the 60–month consecutive sentence on Count IV was not error. *Hatton*, 409 N.W.2d at 856.

## DECISION

The trial court erred in imposing a sentence on the aggravated robbery conviction. The trial court's imposition of a 60–month consecutive sentence on the Count IV second degree assault conviction, was not error.

Affirmed in part and reversed in part.