**STATE of Minnesota, Respondent,**

v.

**Ronnie W. HARTFIELD, Petitioner, Appellant.**

No. C0–89–1368.

Supreme Court of Minnesota.

Aug. 31, 1990.

---

John M. Stuart, State Public Defender, Mark D. Nyvold, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and James C. Backstrom, Dakota County Atty., Andrea A. White, Asst. County Atty., Hastings, for respondent.

SIMONETT, Justice.

We granted review in this case for the limited purpose of addressing an issue relating to the use of the so-called *Hernandez* method of computing a defendant's criminal history score under the Minnesota Sentencing Guidelines. Because we have concluded that the Guidelines do not allow use of that method in this case, the criminal history score used in determining the presumptive sentence for defendant's sentence for criminal sexual conduct in the first degree should have been zero, not one. Accordingly, we reduce defendant's sentence to that which the trial court could have imposed if it had computed defendant's criminal history score correctly.

On the evening of October 21, 1988, defendant unlawfully entered the condominium apartment of the victim, woke her, grabbed her by the throat, threatened her, and sexually assaulted her. When he left, defendant took a number of items of personal property belonging to the victim.

Defendant was found guilty of both burglary and criminal sexual conduct in the first degree. The trial court sentenced defendant first for the burglary, to 24 months, then used the burglary conviction to give defendant a criminal history score of one under the *Hernandez* method for the rape.[1] At that time the presumptive sentence for criminal sexual conduct in the first degree by a person with a criminal history score of one was 54 (50–58) months in prison.[2] Relying primarily upon the fact that defendant invaded the victim's zone of privacy[3] in raping her, the trial court dou-

---

1. In *State v. Hernandez,* 311 N.W.2d 478 (Minn. 1981), we held that under certain circumstances the trial court, in sentencing a defendant on one day for multiple offenses that were not part of a single behavioral incident and that occurred at different times and involved different victims, may properly assign one point for each felony conviction for which a sentence was stayed or imposed before the sentencing for the offense in question. In other words, if the defendant's criminal history score is zero for the first offense sentenced, it would be one when the sentence is imposed for the second offense, two for the third, and so on. *See* Minnesota Sentencing Guidelines II.B.1. and comments.

2. *Now* the presumptive sentence for the same offense by one with the same criminal history score is 98 (93–103) months.

3. *E.g., State v. Morales,* 324 N.W.2d 374 (Minn. 1982) (holding that in raping a woman in her backyard, the defendant did not just invade her in a sexual way but also invaded the zone of privacy which surrounded her house, thereby justifying an upward durational departure).

bled the maximum presumptive sentence, 58 months, giving defendant a *concurrent* sentence of 116 months. The court of appeals, in an unpublished decision, held that a double durational departure was justified and that the trial court did not err in imposing the sentence. As we said, it is to the issue of the use of the *Hernandez* method that we direct our attention.

Before the Sentencing Guidelines were adopted, the issue of multiple sentencing for multiple offenses committed in the same time frame was controlled primarily by Minn.Stat. § 609.035 (1988), the so-called single behavioral incident statute. If it could be said that a defendant's multiple crimes against the same victim were committed as part of a single behavioral incident, then the trial court could impose only one sentence. However, Minn.Stat. § 609.585 (1988) contains an exception allowing sentencing for both a burglary and one of the offenses committed during a burglary even if it could otherwise be said that they were both committed as part of a single behavioral incident.

Minnesota Sentencing Guidelines II.B. 102, however, provides:

> When multiple current convictions arise from a single course of conduct and multiple sentences are imposed on the same day pursuant to Minn.Stats. sec. 609.585 or 609.251, the conviction and sentence for the "earlier" offense should not increase the criminal history score for the "later" offense.

In other words, here it was permissible under section 609.585 to sentence petitioner for both the burglary and the rape, but the *Hernandez* method could not be used to increase the criminal history score for the second offense being sentenced, rape, *unless* it can be said that the two offenses arose from a different course of conduct under section 609.035.

In *State v. Norregaard*, 384 N.W.2d 449 (Minn.1986), we said:

> In deciding whether two or more intentional crimes were part of a single behavioral incident, one must focus on the factors of time and place and also consider whether the segments of conduct involved were motivated by a desire to obtain a single criminal objection. *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 525 (1966). One must also bear in mind that one of the main purposes of the statute is to protect a defendant convicted of multiple offenses against unfair exaggeration of the criminality of his conduct. *See id.* at 399–400, 141 N.W.2d at 522.

> Whether or not a robbery, on the one hand, and an assault or rape, on the other, were committed as part of a single behavioral incident depends on the facts of the case. *Compare State v. Kutchara*, 350 N.W.2d 924 (Minn.1984) (assault with a dangerous weapon and attempted robbery were part of same behavioral incident because assault was in furtherance of the robbery) *with State v. McAdoo*, 330 N.W.2d 104 (Minn.1983) (attempted robbery and assault with a dangerous weapon were not part of same behavioral incident because defendant fired gun at police after making decision to "get" them, not to facilitate commission of robbery or of escape from apprehension).

384 N.W.2d at 449–50.

Using this analytical framework, we conclude that the burglary and the rape were part of a single behavioral incident. The purpose of the burglarious entry was to rape the victim. Indeed, the trial court, acting as trier of fact after defendant waived a jury trial, expressly found that "Defendant entered the dwelling with intent to commit the crime of theft and criminal sexual conduct in the first degree." Thus, there was an overlap in the motivation for the burglary and the motivation for the rape. The one offense was committed in part to facilitate the commission of the other offense. We believe that it is the intent of the Sentencing Guidelines Commission that the trial court not use the *Hernandez* method in this situation.

In summary, we conclude that sentencing for the burglary and the rape was permissible under section 609.585 but not because the two offenses arose from different behavioral incidents. Therefore, the

trial court should not have used the *Hernandez* method. Defendant's sentence for the rape is hereby reduced from 116 (two times the maximum presumptive sentence of 58 months if the defendant's criminal history score was one) to 90 months (two times the 45–month maximum presumptive sentence that was then in effect for the offense when committed by a person with a zero criminal history score).

Affirmed as modified.