**Marvin Orlando JOHNSON, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A06–1102.

Court of Appeals of Minnesota.

July 3, 2007.

John M. Stuart, State Public Defender, Richard Schmitz, Assistant Public Defender, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Thomas A. Weist, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; SHUMAKER, Judge; and ROSS, Judge.

## OPINION

SHUMAKER, Judge.

Appealing from a postconviction resentencing on a multi-count sentence, appellant Marvin Johnson argues that although the postconviction court had the authority to reduce the erroneous portion of the sentence for one aggravated-robbery conviction, the court abused its discretion when it increased the duration of his sentence for the second aggravated-robbery conviction. Since Johnson expressly negotiated his original sentence through a plea agreement and received the benefit of that plea, and since his total sentence remained unchanged in either duration or disposition, we find that he is not entitled to a reduction of his overall sentence.

## FACTS

The state charged appellant Marvin Orlando Johnson with three separate aggravated robberies in 2004. When one of the cases came on for trial, he pleaded guilty to the charge. He later moved to withdraw his plea, but, before the court ruled on the motion, Johnson and the state entered a plea agreement by which he would plead guilty to one additional charge of aggravated robbery, the state would dismiss the third charge, and Johnson's aggregate sentence for two convictions would be 128 months, executed.

The aggregate sentence was composed of 98 months on the first conviction— which, based on the only record on file, the

court and parties believed to be the presumptive sentence—and 30 months on the second conviction, which was a downward-durational departure from the presumptive sentence of 48 months.

The 98–month sentence was premised on a criminal-history score that included one custody-status point for probation from convictions in 2002. Without that custody-status point, the presumptive sentence for Johnson's first aggravated-robbery conviction would have been 88 months.

In 2006, Johnson petitioned for postconviction relief on the ground that the custody-status point was erroneously included in his criminal-history score because his 2002 probationary sentence had been executed before the 2004 crimes. Johnson sought resentencing and a reduction of his aggregate sentence by ten months.

The postconviction court ruled that the 98–month sentence had been erroneously calculated; resentenced Johnson to the presumptive sentence of 88 months; but increased his 30–month sentence on the second aggravated-robbery conviction to 40 months and thereby declined any overall reduction in the 128–month aggregate sentence. The court's reasoning was that Johnson "voluntarily entered into a favorable plea agreement with the State for a total sentence of 128 months. In return, a third aggravated robbery was dismissed. [Johnson] is not entitled to a reduction of his overall sentence." Johnson contends on appeal that the court's denial of a reduction of his overall sentence was error.

## ISSUE

A plea bargain for a sentence of 128 months was composed of a 98–month presumptive sentence on the first charge and a 30–month downward departure from the 48–month presumptive sentence on the second. In a postconviction proceeding, appellant established that the presumptive sentence for the first charge was 88 months and requested correction. The court corrected that sentence but increased the second to 40 months so as to comport with the plea agreement.

Did the court have authority to increase the second sentence?

## ANALYSIS

We note first that Johnson did not move to withdraw his pleas of guilty nor did he ask the court to vacate any plea. His challenge on appeal is solely to the court's ruling that the overall sentence to which he agreed should not be reduced. He contends that the postconviction court lacked authority to adjust the 30–month sentence upward to 40 months for his second conviction.

Appellate courts "afford great deference to a district court's findings of fact and will not reverse the findings unless they are clearly erroneous." *Dukes v. State*, 621 N.W.2d 246, 251 (Minn.2001). "The decisions of a postconviction court will not be disturbed unless the court abused its discretion." *Id.* The court abuses its discretion if it misinterprets or misapplies the law. *State v. Babcock*, 685 N.W.2d 36, 40 (Minn.App.2004), *review denied* (Minn. Oct. 20, 2004). A postconviction court's factual findings will be sustained if they are supported by sufficient evidence, *Dukes*, 621 N.W.2d at 251, but we independently determine the law as it applies to the facts, *Townsend v. State*, 723 N.W.2d 14, 18 (Minn.2006).

The only factual finding that the postconviction court made was that Johnson voluntarily entered a plea agreement that, in return for the dismissal of a charge, required a sentence of 128 months. Not only is this finding fully supported by the

record, but also Johnson does not argue to the contrary.

Although we were not provided with the sentencing transcript on appeal, the post-conviction-hearing transcript contains a thorough review of the plea agreement, the basis for the agreement, the parties' discussions, Johnson's statements, and the observations of the sentencing judge, who was also the judge before whom the post-conviction petition was brought.

It is clear, and undisputed, that the essence of the plea bargain was the amount of time Johnson would receive in the aggregate for his convictions. Johnson suggested 126 months but then agreed to the state's offer of 128 months. Having resolved that issue, the question was how a sentence of 128 months could properly be imposed. The parties concluded that a downward departure of 18 months would be required for the second conviction but that the apparent presumptive sentence could be imposed on the first. The controlling factor in the plea agreement was the 128–month sentence. All else was merely the means to accomplish that sentence consistent with the law.

There is no challenge to the authority of the postconviction court to correct the 98–month sentence. But Johnson argues that that correction was the limit of the court's authority under Minn. R.Crim. P. 27.03, subd. 9, and the 30–month sentence must stand. This would result in an aggregate sentence of 118 months.

We hold that the court also had the authority to adjust the 30–month sentence so as to comport with the plea agreement that Johnson voluntarily entered. A similar issue was addressed in the context of a sentencing court's authority upon remand after a direct appeal in *State v. Nunn*, 411 N.W.2d 214, 216 (Minn.App.1987). The court of appeals vacated the appellant's sentence for aggravated robbery in a mul-

ti-count sentence and remanded for resentencing, limiting the district court to a total sentence not to exceed appellant's original sentence of 201 months. *Id.* The district court resentenced Nunn to 201 months, and he appealed. *Id.* Upon further review, this court stated that since "the sentences imposed were authorized by law and did not exaggerate the criminality of appellant's conduct or exceed the original 201 month total sentence, the imposition of the 60–month consecutive sentence on Count IV was not error." *Id.* at 217. *See also State v. Coe*, 411 N.W.2d 180, 181–82 (Minn.1987) (reversing sentence and holding that the remedy for an improper sentence on one count of a multi-count sentence was to remand, limiting the district court to the original total sentence if the sentence was increased on another count). Although *Nunn* and *Coe* did not involve plea agreements, the sentence-correcting principles in those cases pertain here.

The reasoning in *Nunn* is even more compelling in Johnson's case. First, it is undisputed that the postconviction court's sentence was authorized by law. *See State v. Rohda*, 358 N.W.2d 39, 41 (Minn.1984) (remanding a sentencing departure, when the district court never indicated it wanted to depart). Second, the new sentence did not exaggerate the criminality of Johnson's conduct because one term was that which is presumed appropriate and the other was still eight months less than the presumptive sentence. Third, it was precisely the sentence term that Johnson had previously agreed to in exchange for the dismissal of one of the charges against him.

## DECISION

Because the plea agreement called for an aggregate sentence of 128 months, it was permissible for the court to reduce the erroneous sentence on one charge but to

increase the sentence on the other charge to comply with the plea agreement.

**Affirmed.**