*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0875**

State of Minnesota,
Respondent,

vs.

Roosevelt Mikell,
Appellant.

**Filed December 1, 2014
Affirmed
Crippen, Judge\***

Hennepin County District Court
File Nos. 27-CR-10-50091, 27-CR-12-481


Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)


Considered and decided by Halbrooks, Presiding Judge; Reyes, Judge; and

Crippen, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**CRIPPEN**, Judge

In this sentencing appeal, appellant argues that, on remand from a reversal for resentencing, the district court inappropriately imposed a concurrent 32-month sentence using his full criminal-history score, rather than a permissive consecutive sentence using a zero criminal-history score. Because the concurrent sentence is lawful and consistent with our earlier remand, we affirm.

## FACTS

In April 2011, appellant Roosevelt Mikell pleaded guilty to felony violation of an order for protection (OFP), in violation of Minn. Stat. § 518B.01, subd. 14(a), (d)(1) (2010), after he admitted contact with C.G., a former girlfriend, in October 2010. As part of a plea agreement, the district court sentenced him to 21 months, stayed for three years, with conditions of probation. In August 2012, appellant pleaded guilty to a September 2011 violation of another OFP, which prohibited him from contacting a different woman, J.L. Appellant then demanded a contested hearing on the probation-violation report alleging that he violated conditions of the stayed sentence for the October 2010 offense; after the hearing, the court found that appellant violated his probation and ordered execution of his 21-month sentence. The district court also sentenced appellant to 32 months on the September 2011 offense, consecutive to the 21-month sentence.

On the appeal of the probation-revocation decision, this court concluded that the district court had made insufficient findings on the factors required by *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980), and we ordered a remand on that issue. *State v.*

2

*Mikell*, No. A13-0119 (Minn. App. Oct. 9, 2013) (order op.). In the additional appeal of the district court's decisions on the September 2011 offense, we upheld the validity of his plea but concluded that the court erred by imposing a 32-month sentence consecutive to the sentence for the earlier offense. *State v. Mikell*, No. A13-0118, 2013 WL 6569921 (Minn. App. Dec. 16, 2013). We stated that, based on appellant's criminal-history score of five, the district court could have imposed a concurrent sentence of 23 to 32 months for appellant's severity-level four offense. *See* Minn. Sent. Guidelines 4, 5 (Supp. 2011). But we stated that, if the district court chose to impose a permissive consecutive sentence, it was required to use a criminal-history score of zero to determine the duration of his consecutive sentence, which should then have been one year and one day. *See* Minn. Sent. Guidelines 2.F.2, 4 (Supp. 2011). We therefore reversed and remanded on that issue, stating that

> [o]n remand, the district court has the discretion to impose a sentence of 23 to 32 months if this case is sentenced concurrently with the October 2010 offense, or an executed sentence is not imposed for the October 2010 offense. If the sentence is consecutive to an executed sentence for the October 2010 offense, a criminal-history score of zero must be used to determine the sentence.

*Mikell*, 2013 WL 6569921, at *3.

At hearing on remand, appellant's attorney requested that the 21-month sentence for appellant's October 2010 offense be discharged, as he had served that time. Accepting this request, the district court issued a 21-month sentence, found that appellant had credit for 21 months, and discharged him from probation on that offense. On the

September 2011 offense, the district court resentenced appellant to 32 months, with credit for 729 days, and thus concurrent with the October 2010 offense.

## D E C I S I O N

This court reviews a sentence imposed by the district court "to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2010). We afford the district court great discretion in imposing a sentence and do not substitute our judgment for that of the district court. *State v. Vang*, 847 N.W.2d 248, 264 (Minn. 2014). "Generally, we will not interfere with a district court's discretion in sentencing unless the sentence is disproportionate to the offense or unfairly exaggerates the criminality of the defendant's conduct." *Id*. The district court's decision to impose the presumptive guidelines sentence rarely will be reversed on appeal. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

The district court has a duty on remand to execute the mandate of the remanding court strictly according to its terms. *Halverson v. Village of Deerwood*, 322 N.W.2d 761, 766 (Minn. 1982). This court directed the district court on remand to exercise its discretion to either: (1) sentence appellant to 23 to 32 months, if it chose to sentence him concurrently with the October 2010 offense or (2) if it chose to sentence him consecutively to an executed sentence for the October 2010 offense, sentence him based on a criminal-history score of zero, resulting in a sentence of one year and one day. The

4

district court chose the first alternative and resentenced appellant to 32 months, concurrent to a 21-month executed sentence for the October 2010 offense.

Appellant claims no violation of the law in the district court's concurrent sentencing, but instead requests consecutive sentencing for two executed sentences, with zero criminal-history points for the second sentence. This would result in a consecutive sentence of one year and one day, rather than the imposed concurrent sentence of 32 months. But we cannot disturb the district court's sentence when it was authorized by law, comported with this court's directive on remand, and did not exaggerate the criminality of appellant's conduct. *See Johnson v. State*, 733 N.W.2d 834, 837 (Minn. App. 2007) (upholding resentencing when the sentence was authorized by law and did not exaggerate the criminality of the defendant's conduct), *review denied* (Minn. Sept. 18, 2007); *see also State v. Nunn*, 411 N.W.2d 214, 216 (Minn. App. 1987) (stating that the district court was "free to resentence . . . so long as the newly imposed sentences were authorized by law and did not exceed the original . . . sentence"). The concurrent sentence imposed by the district court fell within the presumptive range, and the district court noted that after credit for appellant's time served, he should be eligible for release from incarceration. The district court did not abuse its discretion by imposing the 32-month concurrent sentence.

Appellant's comments at resentencing indicate that he may have been concerned that with the longer, concurrent sentence, he would remain subject to conditions of parole or supervised release. But supervised release, which replaces parole, "'is not part of a criminal prosecution.'" *State ex rel. Allen v. Fabian*, 658 N.W.2d 913, 916 (Minn. App.

5

2003) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972)). "Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency." *Morrissey*, 408 U.S. at 480, 92 S. Ct. at 2600. Therefore, once the district court imposed a lawful sentence, the Minnesota Department of Corrections, not the district court, was charged with administrative control of appellant's supervised release. *State v. Schwartz*, 628 N.W.2d 134, 140 (Minn. 2001).

**Affirmed.**