**STATE of Minnesota, Respondent,**

v.

**Kelsey Anne SOUDER, Appellant.**

**A16-1940**

Court of Appeals of Minnesota.

Filed September 25, 2017

Lori Swanson, Attorney General, St. Paul, Minnesota; and Thomas H. Pertler, Carlton County Attorney, Jeffrey LH Boucher, Assistant County Attorney, Carlton, Minnesota (for respondent).

Thomas M. Skare, Thos. Skare Law Office, S.C., Cloquet, Minnesota (for appellant).

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Connolly, Judge.

## OPINION

ROSS, Judge

A jury found Kelsey Souder guilty of first-degree damage to property for vandalizing a car with spray paint. On appeal, Souder argues that the district court improperly ruled that evidence of her prior felony conviction would be admissible, contending both that it was not really a "prior" offense because it occurred after the alleged vandalism and also that it was unfairly prejudicial in substance. She also argues that the district court erred by granting her only a half-day continuance to respond to new evidence the state discovered during the trial. Nothing in Minnesota Rule of Evidence 609, which allows certain prior-conviction evidence to be admitted to impeach a witness's credibility, precludes the district court from accepting evidence of a criminal defendant's conviction on the ground that the conviction occurred after the testifying defendant's charged offense. We also reject Souder's related argument that the district court abused its discretion when it considered the factors bearing on admissibility. And we hold that the district court did not abuse its discretion by granting Souder a half-day continuance instead of the full day she requested. We therefore affirm Souder's conviction.

## FACTS

The state charged appellant Kelsey Souder with felony first-degree damage to property for vandalizing a car in September 2014. The prosecutor learned that, after Souder's alleged vandalism but before her trial, a South Dakota district court had convicted her of conspiracy to commit second-degree robbery. The prosecutor sought the district court's permission to introduce evidence of the conviction to impeach Souder's credibility, should she testify. Souder cited *State v. Jones*, 271 N.W.2d 534, 537–38 (Minn. 1978), characterizing her conviction as a "subsequent criminal conviction[ ]" and contending that the purpose of the impeachment rule is to reveal a testifying defendant's "character at the time of the crime" being tried. Souder reasoned that, because her South Dakota crime and conviction occurred *after* her alleged vandalism, the conviction was irrelevant to show her character at the time of the vandalism. The district court rejected the argument and ruled the 2015 conviction to be admissible. The case proceeded to trial in August 2016.

Jurors learned that M.H.'s car had been vandalized with black spray paint and that Souder had apparently discovered presumably romantic electronic messages that her former boyfriend had been sending to M.H. by social media. The two women exchanged unfriendly Twitter messages, and the jury reviewed one incriminating post-vandalism barb from Souder that read, "& that's why you don't f-ck wit me b—ch[.]"

Jurors heard from Cloquet Police Detective Scott Holman, who had recorded several interviews with Souder. Souder initially told the detective that she was working all night when the vandalism occurred. But Souder's employer soon contradicted that claim. Confronted with the contradiction, Souder changed her story to tell the detective that she had instead spent all night helping a friend babysit. But the friend contradicted *that* story, disclosing that Souder stayed no later than about 2:00 a.m.

On the last day of trial, the parties learned about new evidence "of an alleged confession made by [Souder]" to her friend L.D. Souder asked for a mistrial or, in the alternative, a continuance of at least one day to prepare her response to the anticipated testimony. The prosecutor opposed a

long continuance, emphasizing that he had promptly disclosed L.D.'s late assertion. The prosecutor offered the state's help to issue subpoenas to any witnesses necessary for Souder's defense and argued that Souder could cross-examine L.D. about her account of the alleged confession. The district court denied Souder's mistrial motion but granted her request for a continuance, limited to half a day, giving Souder until the afternoon to prepare.

After the continuance, the state recalled L.D., who said that in September or October 2014, Souder told her that she had spray-painted M.H.'s car. She also testified that later, in 2015, Souder told her that another friend had spray-painted the car.

Souder testified in her own defense. She admitted that she argued with M.H. and sent unpleasant messages to her. But she denied spray-painting M.H.'s car or even going to M.H.'s house the night of the vandalism, offering the following alibi: she worked the evening of the crime, then went to help her friend babysit, then drove to Jay Cooke State Park at about 2:00 in the morning, then fell asleep in her car, and finally woke up and went home at "about 6:00 a.m." Souder denied that she ever admitted the offense to L.D. or that she ever identified anyone else as the vandal.

The jury found Souder guilty of first-degree damage to property. Souder appeals her conviction.

## ISSUES

I. Did the district court abuse its discretion by admitting Souder's 2015 South Dakota conspiracy-to-commit-robbery conviction to impeach Souder's testimony during her 2016 trial for a 2014 vandalism offense?

II. Did the district court abuse its discretion by granting Souder only a half-

day continuance to prepare her response to the new evidence?

## ANALYSIS

Souder asks us to reverse her conviction and remand for a new trial, arguing that the district court abused its discretion by admitting evidence of Souder's conspiracy conviction and by granting her only a half-day continuance. Neither argument prevails.

### I

Souder maintains that evidentiary rule 609 does not apply to "subsequent" convictions, which is how she describes her conspiracy conviction. She contends alternatively that the conviction's probative value was outweighed by its potential for unfair prejudice. We review the admission of the conviction for an abuse of discretion. *State v. Tscheu*, 758 N.W.2d 849, 861 (Minn. 2008). Souder's argument implies that the district court misapplied the rule. If the district court misinterprets or misapplies the law, it abuses its discretion. *Johnson v. State*, 733 N.W.2d 834, 836 (Minn.App. 2007), *review denied* (Minn. Sept. 18, 2007). A challenge to the district court's interpretation and application of the rules of evidence requires our de novo review. *State v. Sanchez-Sanchez*, 879 N.W.2d 324, 329 (Minn. 2016). Even if we conclude that the district court's evidentiary ruling constitutes an abuse of discretion, we will not reverse unless the error substantially influenced the verdict. *State v. Carridine*, 812 N.W.2d 130, 141 (Minn. 2012).

### A. Rule 609 and "Subsequent" Convictions

Souder argues that rule 609(a) applies only to "prior" convictions and that her conspiracy crime was instead a "subsequent" conviction because she committed

the South Dakota conspiracy and pleaded guilty to it after the Minnesota vandalism occurred. This is an issue of first impression.

We begin with the text of Minnesota Rule of Evidence 609(a):

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, or (2) involved dishonesty or false statement, regardless of the punishment.

The rule includes a general presumption that "[e]vidence of a conviction ... is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." Minn. R. Evid. 609(b). The committee comments that accompany rule 609 contemplate applying the rule to "past" or "prior" convictions. *See* Minn. R. Evid. 609 1989 comm. cmt. ("The question of impeachment by *past* conviction has given rise to much controversy." (emphasis added)).

Unlike the commentary, the text of rule 609 does not include the terms "past" or "prior" to define the convictions that are subject to the rule. But the rule does have a past-tense structure, referring to "evidence that the witness *has been* convicted of a crime." It is clear that the rule refers to convictions that occurred in the past. What is slightly less clear is whether it refers to convictions that occurred prior to the charged offense or instead to convictions that occurred prior only to the testimony being impeached by the conviction.

Souder argues that the language of the five-factor impeachment test provided in *State v. Jones* supports the notion that the rule refers to convictions that occurred prior to the charged offense:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue.

271 N.W.2d at 538. Souder directs us specifically to *State v. Ihnot*, where the supreme court applied the *Jones* factors and provided that rule 609(b)'s ten-year period is calculated to end on the date of the current charged offense. 575 N.W.2d 581, 585–86 (Minn. 1998).

Souder reads too much into the *Ihnot* analysis. The *Ihnot* court considered only when the ten-year window of rule 609(b) *closes*, and it chose the offense date to avoid unfair, tactical manipulation. *See id.* at 585. Most important here, the holding applies specifically to the temporal limit of rule 609(b), which presumes that the conviction precedes the charged-offense date: "Evidence of a conviction under this rule is not admissible if a period of *more than ten years* has elapsed *since the date of the conviction* [or release from confinement.]" (Emphasis added.) So even if the charged-offense date is the ten-year measuring point contemplated by rule 609(b)'s limitation, by its language rule 609(b) would apply only to circumstances in which a proffered impeachment conviction occurred more than ten years before the charged offense. By contrast, the rule would not apply to preclude the evidence when the proffered impeachment conviction instead occurred either within ten

years before the charged offense or, as is the case here, after the charged offense.

■ Souder's argument also misses the purpose of impeachment by conviction evidence. The meat of the impeachment rule is the witness's trial *testimony*. "[I]mpeachment by prior crime aids the jury by allowing it to see the whole person and thus to judge better the truth of his testimony." *State v. Gassler*, 505 N.W.2d 62, 67 (Minn. 1993) (quotations omitted). Souder does not explain how a witness's conviction occurring nine *years* before an offense date bears on that witness's credibility at trial while a conviction occurring nine *days* after the offense date and immediately before does not. Not only is Souder's argument unsupported by the rule's letter, it is contradicted by the rule's clear purpose.

Souder's argument faces another problem: it assumes a substantial distinction that the rule does not contemplate. Rule 609(a) begins, "For the purposes of attacking the credibility *of a witness*," making no distinction between a *defendant* witness and a *nondefendant* witness. But Souder's twist on the rule depends on such a distinction. Her construction would mean either that the rules committee somehow saw a credibility relationship between the date of a *nondefendant* witness's prior conviction and the date of the *defendant's* charged offense, or that the rule is intended to be applied differently to nondefendant witnesses and defendant witnesses. Neither alternative is supported by logic or any language in the rule or its commentary.

■ We hold that rule 609 does not preclude evidence of a criminal defendant's conviction from being admitted to impeach the defendant's trial testimony simply because the conviction and the offense underlying it occurred after the defendant's charged offense.

## B. *Jones Factors and Prejudicial Evidentiary Decision*

■ Souder asserts, without developing the argument, that the district court inadequately analyzed the *Jones* factors and that the conviction's potential for unfair prejudice outweighed its probative, impeachment value. "An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." *State v. Yang*, 774 N.W.2d 539, 552 (Minn. 2009) (quotation omitted). Souder does not explain how the district court's assessment of the *Jones* factors was inadequate, and no prejudicial error is obvious. The district court permitted Souder's South Dakota felony conviction to be referred to only as an unspecified felony to reduce the risk that the jury might unduly focus on the alarming nature of the crime. The district court's analysis was clear and concise, and it does not reflect an obvious abuse of discretion. We add that, although an appellant has the burden to demonstrate both error and prejudice, *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003), Souder also does not attempt to explain how the alleged evidentiary error unfairly prejudiced her case.

## II

■ Souder argues that she was denied the right to a fair trial because the district court's grant of only a half-day continuance did not allow her to adequately prepare for the issues raised by the newly discovered evidence of her confession (and then her denial) to L.D. We review a district court's decision to grant or deny a motion for continuance for an abuse of discretion. *State v. Rainer*, 411 N.W.2d 490, 495 (Minn. 1987). We consider the circumstances that existed in the dis-

trict court when it made its continuance decision. *State v. Turnipseed*, 297 N.W.2d 308, 311 (Minn. 1980). We will not reverse a conviction unless the appellant shows that the denial of the requested continuance materially affected the trial's outcome. *State v. Barnes*, 713 N.W.2d 325, 333 (Minn. 2006).

Souder had asked the district court for at least a full-day continuance, so we presume that a full day would have undisputedly been sufficient. Souder argues that the half-day continuance was not long enough for her to investigate and prepare for L.D.'s testimony about Souder's alleged confession. She does not say exactly what she could have accomplished in a full day that she could not accomplish in the half day afforded to her. This omission undermines her contention. The witnesses were all known to her, including the witness bearing the new, anticipated testimony. She also knew the substance of L.D.'s anticipated testimony. She had the opportunity to recall witnesses, and the prosecutor offered the state's resources to execute any subpoenas necessary to secure any witness's testimony. She cross-examined L.D. and testified herself to contradict L.D.'s recounting of the confession. Souder falls short of demonstrating that being denied an additional half day materially affected the outcome of her case. We therefore cannot say that the district court abused its discretion by granting a half-day continuance rather than a full day.

## DECISION

The district court properly concluded that Minnesota Rule of Evidence 609 did not automatically bar evidence of Souder's conspiracy conviction by virtue of the temporal relationship between the conspiracy conviction and the vandalism. The district court did not abuse its discretion in analyzing the *Jones* factors or weighing the con-

viction's probative value against its potential for unfair prejudice. And the district court did not abuse its discretion by granting Souder only a half-day continuance to prepare for the anticipated new evidence.

**Affirmed.**